UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TONYA CRISTY TROWELL

        Petitioner,           Case No. 23-cv-11854

v.                                          Honorable Thomas L. Ludington
                                                                        United States District Judge
ANTHONY MEROLLA, CHIEF PROBATION
OFFICER[1]

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

In February 2022, Petitioner pleaded guilty to one count of theft of government funds, 18 U.S.C. § 641, and was sentenced to 12 months and one day of incarceration to be followed by two years of supervised release. She was also ordered to pay $102,896 in restitution. Petitioner now seeks habeas relief under 28 U.S.C § 2241. But Petitioner has already unsuccessfully sought to vacate her sentence under 28 U.S.C. § 2255 and her current petition does not fall into either §

---

[1] The proper respondent in a habeas case when the petitioner is on supervised release is "typically the [C]hief [P]robation [O]fficer in the office of the United States Probation Services for the district in which the petitioner resides." *Chaner v. United States*, No. 122CV01140JDBJAY, 2022 WL 4279732, at *1 (W.D. Tenn. Sept. 15, 2022); *see also* 18 U.S.C. § 3642(e) ("A prisoner whose sentence includes a term of supervised release after imprisonment shall be released ... to the supervision of a probation officer[.]"); 18 U.S.C. § 3602(c) ("If the court appoints more than one probation officer, one may be designated by the court as chief probation officer and shall direct the work of all probation officers serving in the judicial district."). Anthony Merolla is the current Chief Probation Officer for the United States Probation Office for the Eastern District of Michigan. *Directory*, U.S. PROB. DEP'T – E. DIST. MICH., https://www.miep.uscourts.gov/directory.cfm (last visited Aug. 28, 2023) [https://perma.cc/RNB6-MGLC].

2255(h) exception allowing a second, subsequent collateral attack of a sentence. Accordingly, in light of the Supreme Court's recent holding in *Jones v. Hendrix*, Petitioner's cannot utilize § 2255(e)'s saving clause which provides for habeas relief when a second § 2255 motion would be "inadequate or ineffective" and her petition will be denied for lack of subject matter jurisdiction.

I.

On July 28, 2021, the United States filed a criminal information against Petitioner Tonya Trowell for one count of theft of government funds, 18 U.S.C. § 641. *United States v. Trowell*, 21-cr-20491, ECF No. 1. A Rule 11 Plea agreement was filed on October 13, 2021 which stated that between May 2014 and February 2018, Petitioner "knowingly and willfully embezzled, stole, purloined, and converted to her own use money of the Department of Veterans Affairs (VA) . . . to wit: VA pension benefits having a value of $102,896." *Trowell*, 21-cr-20491, ECF No. 11 at PageID.21. The Plea Agreement recommended that Petitioner be sentenced at the middle of the applicable guideline range for imprisonment, to be followed by 2 years of supervised release. *Id.* at PageID.28–29. The Plea Agreement also called for Petitioner to fully pay back the $102,896 embezzled from the VA. *Id.* at PageID.30.

On February 3, 2022, after accepting the Plea Agreement, this Court entered a Judgement against Petitioner and sentenced Petitioner to 12 months and one day of incarceration followed by 2 years of supervised release, and $102,896 in restitution owed to the VA. *See Trowell*, 21-cr-20491, ECF No. 19 at PageID.150–51; 154.

On March 23, 2022, Petitioner filed a Motion for Reconsideration under Civil Rule 60, asking this Court to dismiss her case with prejudice because the case was brought against "Tonya Trowell, not "Tonya Cristy Trowell," Petitioner's full legal name. *Trowell*, 21-cr-20491, ECF No.

20 at PageID.158. Judge Denise Hood denied that Motion on May 6, 2022, finding "no basis for granting it." *Trowell*, 21-cr-20491, ECF No. 31 at PageID.297.

On December 28, 2022, while confined at FCI Hazelton, Petitioner filed a Motion Vacate Sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel, because her counsel "told [her] that if she plead[ed] guilty, [she] would be sentenced to a non[-]prison sentence[.]" *See Trowell*, 21-cr-20491, ECF No. 38. at PageID.319. Petitioner was released from FCI Hazelton less than two months later, on February 15, 2023. *See Trowell*, 21-cr-20491, ECF No 52 at PageID.455. After her release, Petitioner also filed a Motion to Set Aside Judgement for Fraud on the Court, asserting that her case should be dismissed under Criminal Rule 12(b)(3) and Civil Rule 12(b)(3) and (6). ECF No. 50. This Court denied both motions on April 28, 2023. *See Trowell*, 21-cr-20491, ECF Nos. 52; 53.

On July 31, 2023, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[2] ECF No. 1. Petitioner argues her conviction and sentence are invalid because she believes the United States is bankrupt. *Id.* at PageID.3 ("I want this off of my record because the United States has been bankrupt since June 5, 1933.").

## II.

Those in custody "generally must challenge their federal conviction or sentence by filing a motion under 28 U.S.C. § 2255." *Faulds v. Hemingway*, No. 1:23-CV-10627, 2023 WL 4919647, at *1 (E.D. Mich. Aug. 1, 2023) (citing *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) and *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). A § 2241 petition for habeas corpus relief is "ordinarily limited to challeng[ing] the manner or execution of sentence. *Id.*; *see also*

---

[2] Notably, Petitioner's arguments do not appear to invoke grounds for relief under § 2241. But Petitioner submitted her petition using form "AO 242 (Rev. 9/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 22421." ECF No. 1 at PageID.1.

- 3 -

*United States v. Jalili*, 925 F.2d 889, 893–94 (6th Cir. 1991) ("[A]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition.").

As "the primary means for a federal prisoner to challenge his conviction or sentence," *Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021), 28 U.S.C. § 2255 allows those in custody to claim the right of release if their sentence was violative of the Constitution or federal law, the sentencing court had no jurisdiction, the sentence was excessive as a matter of law, or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). Prisoners are generally limited to filing one motion under § 2255 unless they can satisfy one of two limited exceptions concerning: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* at § 2255(h).

28 U.S.C. § 2255 limits the ability of those in custody to apply for habeas relief, providing that a habeas petition "shall not be entertained" if either (1) "the applicant has failed to apply for relief, by motion, to the court which sentenced him" or (2) "such court has denied him relief." *Id.* at § 2255(e) (emphasis added). However, there is a "savings clause" that allows a petitioner to petition for habeas relief if "it appears that the [§2255 motion] is inadequate or ineffective to test the legality of detention." *Id.; see also Taylor*, 990 F.3d at 496.

Historically, many federal courts, including the Sixth Circuit Court of Appeals, allowed a federal prisoner a "workaround" to challenge their conviction or sentence via a § 2241 habeas petition under this § 2255 "saving clause" when a second or subsequent § 2255 motion would be barred under § 2255(h) – interpreting that the second §2255 motion would be "inadequate or

ineffective." *See Jones v. Hendrix*, 143 S. Ct. 1857, 1868 (2023) (abrogating *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003)).

But this changed in June 2023 when the Supreme Court decided *Jones v. Hendrix* and held that "the [§ 2255] savings clause does not authorize such an end-run around[.]" *Id.* The Court explained that the § 2255 savings clause only "preserves recourse to § 2241 [habeas petitions] in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* The Court concluded that § 2255(h) "specifies the two limited conditions in which Congress has permitted federal prisoners to bring a second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the [§ 2255] savings clause. It means that he cannot bring it at all." *Id.* at 1869; *see also Joseph v. Dunbar*, No. 21-1191, 2023 WL 5093488 (6th Cir. Aug. 8, 2023).

### III.

Petitioner's § 2241 petition was filed three months *after* her § 2255 Motion to Vacate Sentence was denied. *Trowell*, 21-cr-20491, ECF No. 53. Accordingly, under the text of § 2255 as interpreted by the Court in *Jones*, Petitioner may only bring her current habeas petition — which is, in substance, another collateral attack on her sentence — if one of the two exceptions in § 2255(h) apply. But neither do.

As stated, § 2255(h) provides the "only two" exceptions to filing a second or successive collateral attack on sentencing: (1) when there is newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty of the original offense; or (2) when there is a new rule of constitutional law made retroactive by the Supreme Court. *See* 28

U.S.C. § 2255(h). But Petitioner's § 2241 petition does not trigger either exception. Petitioner left most of the form used to file her petition blank, merely requesting the removal of her conviction from her record "because the United States has been bankrupt since June 5, 1993." *See generally* ECF No. 1. Petitioner does not state that newly discovered evidence exists, nor a new retroactive rule of constitutional law applies. *See id.*

In *Joseph v. Dunbar*, the Sixth Circuit recently affirmed the denial of an analogous habeas petition in light of the Supreme Court's decision in *Jones*. No. 21-1191, 2023 WL 5093488 (6th Cir. Aug. 8, 2023). There, like here, the petitioner had already filed an unsuccessful § 2255 motion. *See id.* at *1. There, like here, the petitioner's subsequent § 2241 habeas petition did not fall into either exception carved out in § 2255(h). *See id.* There, like here, the petitioner's habeas petition was denied because the petitioner could not "use § 2241 as an 'an end-run around' [to] § 2255(h)'s rules." *See id.*

Because Petitioner already filed an unsuccessful § 2255 Motion, and because neither § 2255(h) exception applies, Petitioner's attempt to file a § 2241 Petition via the § 2255 savings clause fails. *Jones* makes clear that Petitioner may not proceed under § 2241 to argue that her conviction is invalid due to the "bankruptcy" of the United States. Thus, her Petition will be dismissed for lack of subject-matter jurisdiction. *See In re Lee*, 880 F.3d 242, 243 (6th Cir. 2018) (dismissing a habeas petition for lack of subject matter jurisdiction).

Any appeal of this order would not be taken in good faith, so Petitioner will be denied a certificate of appealability and leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a).

**V.**

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED**.

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**This is a final order and closes the above-captioned case.**

Dated: August 30, 2023                              s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge